## Case No. 16,089.

### UNITED STATES v. PRICE.

[2 Wash. C. C. 356.] [1]

Circuit Court, D. Pennsylvania. Oct. Term, 1809.

#### DEPOSITIONS—VACATING COMMISSION.

A commission, which had been executed and returned, was set aside because it had been opened by one of the officers of the government, before it came into the hands of the clerk.

[Suit by the United States against Price's administrator.]

Rule to show cause why the commission for taking depositions should not be accepted as duly returned, or be sent back for a more regular return. The commission, in consequence of a misdirection of it by the commissioners, had been opened first by the secretary of war, and afterwards by some other officer of the government, before it came to the hands of the clerk of the court.

## Case No. 16,090.

### UNITED STATES v. PRICE.

[2 Wash. C. C. 460.] [1]

Circuit Court, D. Pennsylvania. April Term, 1810.

#### BILL OF EXCHANGE DRAWN BY PUBLIC AGENT — CONSIDERATION.

1. A bill of exchange was drawn by a public sub-agent, on the general agent of the United States, and payment of the same was at first

[1] [Originally published from the MSS. of Hon. Bushrod Washington. Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

refused, but it was afterwards made to the defendant, and soon after, it having been discovered that the sub-agent, who drew the bill, was unfaithful. notice was given by the general agent to the defendant, who held the money, as administrator of the payee, not to pay it over, as it was claimed by the United States.

2. Though a bill drawn for value received, might, prima facie, be considered as drawn upon a consideration, yet, when a strong ground is laid to show a want of consideration. the defendant ought to show that value was given for the bill.

One Taylor, a deputy military agent of the United States, at New-Orleans. drew two bills of exchange, for fifteen hundred dollars each, as agent, on Mr. Leonard, of Philadelphia, principal agent, in favour of one Elkin, who endorsed the same in blank, and they were brought by O'Neil to Philadelphia, and presented to the drawee for acceptance. The drawee, suspecting something wrong from the heavy drafts of Taylor, refused to accept, until he should receive from the secretary of war orders to do so. O'Neil expressed great anxiety to get the bills accepted, and offered him, as a premium, to accept, first two and a half per cent., and then one hundred dollars, which were refused with disdain. O'Neil then informed Leonard that he was about to leave town, and should deposit the bills with the defendant, Price, to whom he requested him to pay their amount. Leonard, afterwards receiving orders from the secretary of war to pay the bills, did so, within the days of usance; but, in a day or two after, hearing that Taylor was dead, and his suspicions of foul play being strengthened, he called upon Price, and requested him to repay the money, offering to re-deliver the bills to him. Price declined this, acknowledging that he still had the money; but apprehending that he might be answerable to O'Neil for the same, resolved to retain it until it should be determined who was entitled to it. O'Neil having afterwards died, Price took out letters of administration upon his estate. It was proved that Taylor was a sot and gambler, and played at the house of Elkins and O'Neil, who were partners in the business of gambling. That Taylor had before drawn bills on Leonard, in their favour, which they sold in the market at a great discount. There were other circumstances proved, tending to throw suspicion over the fairness of this transaction.

WASHINGTON, Circuit Justice, then charged the jury, and stated, that although, prima facie, a bill drawn for value received, might be considered as drawn for consideration, yet, that when so strong a ground was laid, as is done in this case, to show the want of consideration, and to warrant the belief that these bills were drawn by a profligate public officer, to satisfy gambling debts, to those who were the payee and endorser of the bill, it behoved the defendant to clear the case of these suspicions. and to show that value was given for them. The evi-

dence is certainly very strong in this case, against the fairness of the consideration paid by Elkins as well as by O'Neil. Of all this, however, the jury are the proper judges.

The jury found for the defendant.